09-2959-ag
Chen v. Holder

BIA
Gordon-Uruakpa, IJ
A079 190 078

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of January, two thousand eleven.

PRESENT:
        REENA RAGGI,
        GERARD E. LYNCH,
        DENNY CHIN,
            *Circuit Judges.*

_____

GOUYONG CHEN, a.k.a. GUO YONG CHEN,
        *Petitioner*,

        v.                                    09-2959-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
        *Respondent*.

_____

FOR PETITIONER:         Oleh R. Tustaniwsky, Hualian Law
                        Offices, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General, Civil Division; Terri J.
                        Scadron, Assistant Director; Manuel
                        A. Palau, Trial Attorney, Office of
                        Immigration Litigation, United
                        States Department of Justice,
                        Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gouyong Chen, a native and citizen of China, seeks review of a June 16, 2009 order of the BIA: (1) reversing the August 22, 2007 decision of Immigration Judge ("IJ") Vivienne E. Gordon-Uruakpa granting Chen's application for asylum; and (2) denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gouyong Chen*, No. A079 190 078 (B.I.A. June 16, 2009), *rev'g* No. A079 190 078 (Immig. Ct. N.Y. City Aug. 22, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Chen's argument that he is eligible for asylum based

2

solely on his wife's involuntary abortion and sterilization is foreclosed by our decision in *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 301 (2d Cir. 2007) (*en banc*). Moreover, the BIA did not err in concluding that Chen's treatment for "other resistance" to his wife's 1995 involuntary abortion did not rise to the level of persecution. *See* 8 U.S.C. § 1101(a)(42); *see also Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 340-41 (2d Cir. 2006) (collecting decisions discussing definition of persecution). Because this defect necessarily also defeats Chen's CAT claim based on the same factual predicate, *see Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006), the BIA did not err in failing separately to evaluate that claim.

Finally, we identify no error in the BIA's determination that Chen failed to establish a well-founded fear of persecution based on his illegal departure from China. *See Qun Yang v. McElroy*, 277 F.3d 158, 163 n.5 (2d Cir. 2002) (finding that the possibility that an alien will be prosecuted under a generally applicable statute does not, by itself, demonstrate that the alien has a well-founded fear of persecution on a protected ground).

3

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4